IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MORRIS WAYNE LANSDALE                                                                           PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:07CV106-B-A

LEHMAN-ROBERTS COMPANY                                                                    DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Morris Wayne Lansdale, filed this action on August 29, 2007, alleging that he was wrongfully discharged by the defendant, Lehman-Roberts Company, after refusing to engage in and for reporting various illegal acts performed by the defendant. Lehman-Roberts is an asphalt paving manufacturing company. The plaintiff was hired on March 3, 1997, as the general superintendent of Mississippi operations. The plaintiff was in charge of field operations in Mississippi and was responsible for supervising various crews. It is undisputed that the plaintiff was an at-will employee.

The plaintiff asserts that Lehman-Roberts discharged him for refusing to violate provisions of the Mississippi Standard Specifications for Road and Bridge Construction (also known as the "Red Book"), for objecting to EPA violations, for reporting violations of the federal Department of Transportation regulations, and for reporting bid rigging. The defendant asserts that the plaintiff was terminated for, among other things, his misappropriation of company

materials, his dereliction of duties, and his inability to work well with others. The defendant has moved for summary judgment on all claims.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

In *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993), the Mississippi Supreme Court revisited the "long-standing common law rule that the employment contract at will may be terminated by either party with or without justification." *McArn* carved out a narrow public policy exception to the employment at will doctrine in cases where an

employee is discharged for refusing to participate in criminally illegal activity or for reporting such activity to his employer or anyone else. *Id.* at 607. The *McArn* court stated:

> We are of the opinion that there should be in at least two circumstances, a narrow public policy exception to the employment at will doctrine, and this should be so whether there is a written contract or not: (1) an employee who refuses to participate in an illegal act . . . shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing an action in tort for damages against his employer.

*Id.* The exception applies only to criminally illegal acts and not to civil illegalities. *See Renick v. Nat'l Audubon Soc., Inc.*, No. 3:07-CV-68, 2009 WL 377288, at *4 (N.D. Miss. Feb. 12, 2009) ("[T]he *McArn* exception to the employment-at-will doctrine applies only to illegal acts which warrant the imposition of criminal penalties as opposed to mere civil penalties.") (citing *Wheeler v. BL Development*, 415 F.3d 399, 404 (5th Cir. 2005)). Because of this rule, as an initial matter, this court finds that the plaintiff's claims related to the Mississippi Standard Specifications for Road and Bridge Construction, to EPA violations, and to the federal Department of Transportation violations must be dismissed because the plaintiff has failed to cite any case law or statute showing these violations to be criminal in nature.

The plaintiff maintains that his allegations regarding Lehman-Roberts purported bid rigging do concern criminally illegal activity. The plaintiff asserts that "fraudulent bidding is a violation of both State and Federal law, and it carries criminal penalties under both Mississippi law and RICO." Again, however, the plaintiff fails to site any statute or case in support of this position, with the exception of the broad, general reference to RICO. In fact, the plaintiff's response to the present motion concedes that "research did not reveal any cases which addressed

3

fraudulent bid rigging by getting inside information on the state estimate before the submission of a bid." As for a purported RICO violation, the plaintiff has made no allegation much less pointed to any evidence that the defendant acted in collusion, or "racketeered," with any other business entity in a criminally illegal manner.

The plaintiff contends that the defendant engaged in "dishonest bidding practices" but has failed to allege specific facts or to direct the court to any evidence which would support this contention and thereby allow the plaintiff to meet his burden under the summary judgment standard. The plaintiff testified in his deposition that he never heard anyone give any representative of Lehman-Roberts the State reserve estimate on any bid project and that he has no knowledge as to whether the defendant ever gave anything of value in return for obtaining these estimates.

The plaintiff has not established a prima facie case in that he has failed to show that the acts he allegedly reported were criminally illegal and due to his failure to direct the court to any evidence which would establish a genuine issue of material fact. For these reasons, the defendant is entitled to judgment as a matter of law.

<u>Conclusion</u>

In accordance with the analysis set forth hereinabove, the court finds that the defendant's motion for summary judgment is well taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 24th day of March, 2009.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**